IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02424-GPG

MELODIA DICKEY,

    Plaintiff,

v.

DENVER SHERIFF DEPARTMENT,
DEPUTY HARVEY,

    Defendants.

## ORDER TO FILE AMENDED COMPLAINT

Plaintiff, Melodia Dickey, is currently incarcerated at the Denver County Jail ("DCJ"). She initiated this action by filing, *pro se*, a Prisoner Complaint alleging deprivations of her constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. (ECF No. 1). Ms. Dickey has been granted leave to proceed *in forma pauperis*. (ECF No. 7).

The Court must construe the Prisoner Complaint liberally because Ms. Dickey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Ms. Dickey will be ordered to file an Amended Complaint.

In the Prisoner Complaint, Ms. Dickey alleges that on October 21, 2015, when she was walking from the dining area at the DCJ she slipped and fell because there was water on the floor. According to Ms. Dickey, the windows were leaking but the Denver

1

Sherriff's Department and Deputy Harvey negligently failed to clean up the water and failed to put out a warning sign about the water.  As a result of Plaintiff's fall, she alleges she hit her elbow and hurt her ankle.  She seeks monetary relief.

"To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference to inmate health or safety.'" *Reynolds v. Powell*, 370 F.3d 1028, 1031–1032 (10th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The question of the defendant's culpability is subjective, but whether the condition complained of is sufficiently serious is evaluated on an objective basis. *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir.1998).

The objective component of a "conditions of confinement" claim requires that the objectionable conditions be sufficiently serious so as to "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Tenth Circuit has held that a slippery prison floor is not a sufficiently serious condition to warrant constitutional protection under the Eighth Amendment.  *See Reynolds*, 370 F.3d at 1031 (noting the general rule barring Eighth Amendment liability in prison slip and fall cases and collecting cases from other jurisdictions).  Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles."  *Id.* (citing and quoting *Mitchell v. West Virginia*, 554 F.Supp. 1215, 1216–17 (N.D. W.Va.1983)).  To maintain an Eighth Amendment claim, the plaintiff must therefore allege unique or specialized facts about her situation.  *Reynolds*, 370

F.3d at 1031.  The current allegations in the complaint do not constitute a constitutional claim.  However, Ms. Dickey will be provided one final opportunity to amend her complaint because she may be able to allege facts sufficient to state an arguable Eighth Amendment claim.

Accordingly, it is

ORDERED that Plaintiff file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of her case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov and use that form to file the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this order within the time allowed, the Court will dismiss this action without further notice for the reasons discussed above.

DATED November 30, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge